IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| SEVERIANO PEREZ,              § <br> Wichita County Jail No. SO 55023, § <br>                                § <br>    Plaintiff,                  § <br>                                § <br> v.                             § <br>                                § <br> WICHITA COUNTY JAIL,           § <br>                                § <br>    Defendant.                  § | Civil Action No. 7:18-cv-00080-M-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is a *pro se* civil rights complaint filed by Plaintiff Severiano Perez, an inmate formerly confined in the Wichita County Jail in Wichita Falls, Texas. (ECF No. 1). This complaint was referred to the undersigned pursuant to *Special Order 3* on June 4, 2018. (ECF No. 2). After considering the pleading and the applicable law, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** Plaintiff's civil rights complaint (ECF No. 1) without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On June 5, 2018, the Court entered a Notice of Deficiency and Order instructing Plaintiff to either pay the $400.00 filing fee or file a motion for leave to proceed *in forma pauperis* and file his complaint on the Court's prisoner civil rights form on or before July 5, 2018. (ECF No. 4). Plaintiff took neither action. On July 10, 2018, the Court issued a second Notice of Deficiency (ECF No. 5) that *sua sponte* extended Plaintiff's deadline to comply to on or before August 2, 2018. On July 26, 2018, the Court's second Notice of Deficiency (ECF No. 5) mailed to Plaintiff's address on file with the Clerk of the Court was returned as undeliverable. (ECF No. 6).

Although Plaintiff was directed to notify the Court of his change of address by filing a written change of address notice (ECF. No. 3), a review of Plaintiff's Complaint indicated that he might have been moved from the Wichita County Jail to the John R. Lindsey State Jail in Jacksboro, Texas. (*See* ECF No. 1 at 1). Although not obligated to do so, the Court performed search on the Texas Department of Criminal Justice's website that confirmed Plaintiff's transfer to the John R. Lindsey State Jail. Accordingly, the undersigned directed the Clerk of the Court to update Plaintiff's address, and the Court entered another order instructing Plaintiff to either pay the $400.00 filing fee or file a motion for leave to proceed *in forma pauperis* and file his complaint on the Court's prisoner civil rights form on or before September 10, 2018. (ECF No. 7). The Court further warned Plaintiff that failure to comply with the order might result in dismissal of his complaint without further notice. (*Id.*). The Clerk of the Court mailed this order to the Plaintiff at the John R. Lindsey State Jail. As of today's date, a review of the Clerk's docket sheet reflects that Plaintiff has failed to comply with or otherwise respond to the Court's order.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'[petitioner's] conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v.*

*Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

Plaintiff has been given ample opportunity to either pay the filing fee or submit a motion for leave to proceed *in forma pauperis* and file his complaint on the Court's prisoner civil rights form. To date, Plaintiff has failed to comply with the Court's orders. Absent compliance, this case cannot proceed. Although Plaintiff has failed to comply with the Court's orders requiring him to do so, subjecting his claims to dismissal with prejudice under Rule 41(b) is not warranted at this time. Because Plaintiff has failed to comply with the Court's orders, the undersigned **RECOMMENDS** that Plaintiff's civil rights complaint (ECF No. 1) be **DISMISSED** without prejudice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed September 25, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE